UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF:

February 21, 2006

John A. Haley,
Complainant,

Agency Case No. 4H-350-0062-05

v.

Formal Filed:  March 31, 2005

John E. Potter,
Postmaster General,
c/o Southeast Area Operations,
Respondent.

### Notice of Final Agency Decision

This is the final agency decision of the U. S. Postal Service regarding your complaint of discrimination identified above. In that complaint, you alleged discrimination based on race (African-American), color (black), sex (male), age (56), physical disability (knees), and retaliation (prior EEO activity), when on January 21, 2005, you were notified that you were not selected for the position of Workplace Improvement Analyst, EAS-21.[1]

An Equal Employment Opportunity Investigator processed your complaint, and a copy of the Investigative Report was transmitted to you on July 19, 2005. Following receipt of that report, you had 30 days in which to request a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC) or a final agency decision without a hearing. Although you initially requested a hearing, on January 19, 2006, Administrative Judge Perry N. Martin remanded your complaint to the Postal Service for the issuance of a final agency decision. Thus, this decision is being issued in compliance with the order of the Administrative Judge.

### Dismissal

EEOC regulations at 29 C.F.R. §1614.105(a)(1), require that a complaint of discrimination be brought to the attention of an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action. You stated you became aware that you had not been selected for the position of Workplace Improvement Analyst on January 21, 2005. However, Elizabeth W. White, Manager, Human Resources,

---

[1] During the investigation of this complaint, you withdrew your claim of physical disability as a basis for discrimination. Therefore, this final agency decision will not address that claim.

Final Agency Decision
John A. Haley
4H-350-0062-05
Page 2

informed you in a letter dated November 23, 2004, that you had not been selected for the position. It is presumed that you received Ms. White's letter no later than five days after November 23, 2004, on or before November 28, 2004. You contacted the EEO Dispute Resolution Specialist on February 22, 2005, eighty-five (85) days after you first became aware of your non-selection.

The 45-day limitation period begins to run when a person with reasonably prudent regard for his rights knew or should have known that he was being discriminated against. The limitation period for EEO Counselor contact is triggered by having a reasonable suspicion of discrimination; waiting until one has supporting facts or proof of discrimination before initiating a complaint can result in untimely counselor contact. The Commission has adopted a 'reasonable suspicion' standard (as opposed to a 'supportive facts' standard) to determine when the limitation period is triggered under EEOC Regulations. *Ball v. U. S. Postal Service*, EEOC Request No. 05880247 (July 6, 1998).

You were, or should have been aware of the time limit for contacting an EEO Counselor, as posters, including the 45-day time limit were clearly on display at the Post Office where you worked. It is the Commission's policy that constructive knowledge will be inputted to an employee when an employer has fulfilled its obligation of informing employees of their rights and obligations under Title VII. *Thompson v. Department of the Army*, EEOC Request No. 05910474 (September 12, 1991) (citing *Kale v. Combined Ins. Co. of America*, 861 F.2d, 752-753 (1st Cir. 1988).

In *Yashuk v. U.S. Postal Service*, EEOC Request No. 05890382 (June 2, 1989), the Commission stated that "constructive knowledge will be imputed to an employee where an employer has fulfilled [its] statutory obligation by posting notices informing employees of their rights and obligations under Title VII. . . ." The Commission also has held that to establish constructive notice, an agency must post EEO information containing notice of the time limits for EEO Counselor contact, *Pride v. U. S. Postal Service*, EEOC Request No. 05930134 (August 19, 1993)(citing *Polsby v. Shalala*, 113 S. Ct. 1940 (1993) ), and provide independent evidence of record upon which it bases a decision that appropriate EEO information was posted so as to place appellant on constructive notice of the EEO process. *Kovarik v. Department of the Army*, EEOC Request No. 0530898 (December 9, 1993). Further, you were aware or should have been aware of timely requirements for EEO contact, as you have filed eighteen (18) prior EEO complaints.

An agency will not be deemed to have waived its objections to a complainant's failure to comply with the time limits by accepting and investigating a complaint. *See Nickens v. Secretary of Defense*, EEOC No. 01964831 (1997); *Oaxaca v.*

Final Agency Decision
John A. Haley
4H-350-0062-05
Page 3

*Roscoe,* 641 F.2d 386 (5th Cir. 1981). In the present case, the investigation was necessary to make a final determination on the timeliness issue.

In view of the foregoing, your complaint is dismissed for untimely EEO contact. However, should a reviewing body find your contact with the EEO office was timely, following is a final agency decision on the merits of your complaint.

Applicable Law

The United States Supreme Court established a burden-shifting framework for analyzing claims of discrimination in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and subsequently refined that analysis in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). The *McDonnell Douglas* and *Burdine* approach involves a three-step process when a complainant alleges intentional discrimination (commonly referred to as a "disparate treatment" claim). The complainant alleging discrimination must first demonstrate that there is some substance to his or her claim. To satisfy this burden, the complainant must establish by a preponderance of the evidence a *prima facie* case of discrimination on the alleged basis. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978).

In a case where a complainant is claiming discrimination in a non-promotion, he may establish a *prima facie* case of discrimination with circumstantial evidence by showing that (1) he is a member of a protected group, (2) he applied and was found qualified for the position; (3) despite his qualifications, he was not selected, and (4) an individual outside his protected class or a younger individual was selected for the position under circumstances, which if unexplained, would support an inference of discrimination. Keyes v. Secretary of the Navy, 853 F.2d 1016, 1023 (1st Cir. 1988); *see also* Weinstein v. U. S. Postal Service, EEOC Appeal No. 01830674 (1983).

Once a *prima facie* case is established, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Furnco Construction Co.*, 438 U.S. at 578. *See also St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993). The employer need not persuade the trier of fact that the proffered reason was its actual motivation but merely needs to raise a genuine issue of fact as to whether it discriminated against the complainant. *Burdine*, 450 U.S. at 254. If the employer meets this burden, any presumption of discrimination created by the *prima facie* case disappears; it simply "drops from the case." *Hicks*, 509 U.S. at 507; *United States Postal Service v. Aikens*, 460 U.S. 711, 715 (1983). The complainant can then prevail only if he or she proves that the employer's reasons are not only unbelievable but are pretexts for discrimination. *Hicks*, 509 U.S. at 507, 516; *Nichols v. Grocer*, 138 F.3d 563, 566 (5th Cir. 1998); *Swanson v. General Services Administration*, 110 F.3d 1180, 1185 (5th Cir. 1997). Thus, the complainant cannot create a factual issue of pretext based merely on personal speculation that there was discriminatory intent. *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997). The complainant always carries the "ultimate burden of persuading the trier of fact that he has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 254; *Hicks*, 509 U.S. at 511.

Final Agency Decision
John A. Haley
4H-350-0062-05
Page 4

At all times, the ultimate burden of persuasion remains with the complainant. *Board of Trustees of Keene College v. Sweeney*, 439 U.S. 24, 25 N.2 (1978). This burden was reaffirmed and clarified in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993). In *Hicks*, the Court held that in order to impose liability upon an employer for discriminatory employment practices there must be an ultimate finding of unlawful discrimination regardless of whether or not the employer's explanation for its action was believable.

In order to establish a prima facie case of age discrimination, you must show proof of the Title VII criteria set forth by the Supreme Court in *McDonnell-Douglas; supra*; *Smithers v. Bailar*, 629 F.2d 892 (3rd Cir. 1980); *Price v. Maryland Casualty Co.,* 561 F.2d 609 (5th Cir. 1977). [2] Several Circuit Courts of Appeal have consistently held that a complainant alleging age discrimination must prove not only that age was considered, but also that age made a difference in the outcome of the employer's decision-making process. In other words, in age cases the complainant must prove by a preponderance of the evidence that age was considered, and that it was a determining factor; if the complainant's burden fails on either point, no relief is provided. *Cleverly v. Western Electric Co.*, 594 F.2d 638, 641 (5th Cir. 1979); *Kentroti v. Frontier Airlines*, 585 F.2d 967, 974 (10th Cir. 1978); *Laugeson v. Anaconda*, 520 F.2d 307, 317 (6th Cir. 1976).

To establish a *prima facie* case based on reprisal, a complainant must show that: (1) he engaged in prior protected activity; (2) the agency official was aware of the protected activity; (3) he was subsequently disadvantaged by an adverse action; and (4) there is a causal link between the protected activity and adverse action. *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F. Supp. 318, 324 (D. Mass), aff'd 545 F.2d 222 (1st Cir. 1976); *Manoharan v. Columbia University College of Physicians and Surgeons*, 842 F. 2d 590, 593 (2nd Cir. 1988); *Witmire v. Department of the Air Force*, EEOC Appeal No. 01A00340 (September 25, 2000). The causal connection may be inferred by evidence that the protected conduct was closely followed by the adverse action. *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43 (2nd Cir. 1980). In addition, in *Gunther v. County of Washington*, 623 F.2d 1303, 1316 (9th Cir. 1979), aff'd 452 U.S. 161 (1981), the court held that essential to the link between protected activity and adverse action is showing that the official taking action was aware that the complainant engaged in protected activity. To support a finding of unlawful retaliation, there must be proof that the agency official(s) took the action at issue because of complainant's prior protected activity and sought to deter complainant or others. EEOC Compliance Manual on Retaliation, No. 915.003 (May 20, 1998), p. 8-16.

Discussion/Analysis

---

[2] To establish a *prima facie* case based on age, it is not necessary for the Complainant to show that the comparative individual is outside the protected age group (i.e., under age 40). *O'Connor v. Consolidated Coin Caterers Group*, 517 U.S. 368 (1996*); Daniels v. Department of the Air Force*, EEOC Decision No. 03970009 (July 31, 1997). Under the ADEA, the Complainant's ultimate burden is to establish that his age was a determining factor in management's decision. *Fodale v. Department of Health and Human Services*, EEOC Decision No. 05960344 (October 16, 1998), *citing Johnson v. United States Postal Service*, EEOC Decision No. 05910560 (September 17, 1991); *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1019 (1st Cir. 1979).

Final Agency Decision
John A. Haley
4H-350-0062-05
Page 5

At all times relevant to the issue in this complaint, you were employed as a Supervisor, Distribution Operations, EAS-17, at the Montgomery, AL Processing and Distribution Center. You have alleged that Elizabeth W. White (Anglo-Saxon, white, female, 57 years of age), Manager, Human Resources, intentionally discriminated against you because of your race, sex, and age and in retaliation for prior EEO activity when, on January 21, 2005, you were notified that you were not selected for the position of Workplace Improvement Analyst, EAS-21.

You stated a Vacancy Announcement was issued on July 20, 2004, for a Workplace Improvement Analyst position. You applied for the position; however, you were not selected. Julie A. Cisko (Caucasian, white, female, dob: 1950) was selected for the position, effective January 8, 2005.

You did not provide evidence as to why you believed you race, sex, age and prior EEO activity were factors in your non-selection. You stated you have applied for several positions, and all those positions were awarded to females and/or white employees.

You met the first element of your *prima facie* of discrimination for race (African-American), color (black), sex (male) and age (over 40). You met the second element in that you applied for the position of Workplace Improvement Analyst. You met the third element in that, despite your qualifications, you were not selected. You met the fourth element for race, color and sex in that that Julie A. Cisko (Caucasian, white, female) was selected for the position. However, you did not satisfy the fourth element for age discrimination. As Ms. Cisko (year of birth 1950) is only two years younger than you, I find the difference in your ages is not significant enough to create an inference of age discrimination. *See Miller v. Borden,* 168 F.3d 308 (7th Cir. 1999); *Scarpelli v. Department of Navy*, EEOC No. 01810408 (1981).

Although you have not established a *prima facie* case of age discrimination regarding your non-selection, you have established a *prima facie* case of race, color and sex discrimination. Therefore, management must now come forth with evidence of its legitimate, nondiscriminatory reasons for selecting Ms. Cisko and not you.

Elizabeth W. White, Manager, Human Resources, testified that a Vacancy Announcement for the position of Workplace Improvement Analyst, EAS-21 was posted on July 20, 2004, with a closing date of August 4, 2004. Ms. White stated you submitted a timely application for the position and you met the minimum qualifications established for the position. Ms. White, along with Nancy F. James (Caucasian, white, female, age 62), Manager, EAP and Workplace Environment Improvement, and Wendell Townsley (African-American, black, male, age 51), Workplace Improvement Analyst, interviewed you and the following candidates for the position:

      Julie Cisko (race unknown, white, female, birth year 1950, no EEO activity)
      Butler Browder (race unknown, black, male, birth year 1948, EEO activity)
      Mary Giammalvo (race unknown, black, female, birth year 1951, EEO activity)
      Janet Patrick (race unknown, black, female, birth year 1975, EEO unknown)

Final Agency Decision
John A. Haley
4H-350-0062-05
Page 6

John Seaman (race unknown, white, male, birth year unknown, EEO unknown)
Noel Womack (race unknown, white, male, birth year 1971, EEO unknown)

Ms. White stated she considered "past work history, understanding of Organizational Development, experience in handling conflict, ability to speak articulately, and assertiveness leadership skills, as factors in making her selection decision. Ms. White stated you did not have a grasp of technical skills involved with the Workplace Improvement Analyst position, and you did not seem to understand what the position entailed. She further stated that you were not articulate in your responses, and your interview did not suggest you would be able to coordinate and guide troubled work units toward harmony. Further, you did not provide specific examples as to how you had demonstrated your abilities.

Ms. White stated that Ms. Cisko was "articulate, professional, technically knowledgeable about the strategies she would use as a Workplace Improvement Analyst, whereas you had no strategies that you could present. At the time of the interviews, Ms. Cisko held the position of Manager, Distribution Operations, while you held the position of Supervisor, Distribution Operations.

Ms. White further stated that Ms. Cisko had experience in managing both employees and supervisors, and that her experience in higher-level leadership positions exceeded your experience. Ms. Cisko had "vast experience" in dealing with workplace issues among craft employees and subordinates. She was "more polished" in her interview, answering questions professionally and articulately, qualities Ms. White considered essential when visiting troubled worksites. Ms. White noted that Ms. Cisko has a recent Master of Arts degree from Xavier University. Her interview was far and above any of the other candidates, and there was no doubt whatsoever among the panel members that she should be selected.

Ms. White specifically denied that you race, color, sex or age were factors in her selection decision. She further stated that she had no knowledge of the EEO activity of any of the candidates. She stated that someone had said you were placed in Labor Relations on a detail as a result of EEO activity, but she does not know if that is true. She stated she did not attempt to verify whether or not that was true because it didn't make any difference to her.

In a November 18, 2004 letter to the District Manager regarding justification for Ms. Cisko's selection, Ms. White noted that seven applicants, three of whom were external, non-postal candidates, were interviewed by her and that Wendell Townsend and Nancy James sat in on the interviews to provide input based on their experience with Workplace Improvement issues. Ms. White wrote:

> The interviews revealed that Ms. Cisko was the most qualified due to her recent academic degree, understanding of the position requirements, experience with conflict and conflict resolution in her role as MDO, variety of experiences in different positions, demonstrated initiative in obtaining degrees while employed as an MDO, demeanor and confidence in her

Final Agency Decision
John A. Haley
4H-350-0062-05
Page 7

knowledge of both the Postal Service and types of issues that would require resolution and input from the WIA, and, experience and knowledge of the contract and building the good labor-management relations which are necessary for improving workplace climate.

Nancy F. James, PCES Manager of EAP and Workplace Environment Improvement, Washington, DC, confirmed that she was a member of the review committee that interviewed candidates for the position of Workplace Improvement Analyst in Birmingham, AL. Ms. James stated she made an assumption regarding your race and she became aware of your color and sex when you appeared for your interview. She does not know your age and she was not aware of your prior EEO activity.

Ms. James stated the review committee considered the educational background and the experience required to perform the duties of the job. There were no factors that automatically excluded a candidate for consideration. Ms. James stated each candidate was provided an opportunity to answer the same questions.

Ms. James stated Ms. Cisko was selected because she possessed the educational and experience that was needed to successfully fulfill the requirements of the work, and that she was able to answer the questions, relating her experiences to the work requirements. Ms. James stated you did not possess the same background and experience and you did not adequately answer the questions nor adequately relate your work experience to the work requirements. Ms. James specifically denied that your race, color, sex or age were factors in your nonselection. She further denied that anyone advised, instructed or suggested to her that you should not be selected for the position of Workplace Improvement Analyst. Ms. Cisko's selection was a unanimous decision of the review committee members.

Wendell D. Townsley, Workplace Improvement Analyst, Atlanta District, stated he was a member of the review panel for the position of Workplace Improvement Analyst for the Birmingham District. Mr. Townsley stated he became aware of your race and color when you appeared for your interview, and he suspected you were a male when he observed your name on your application. He was not aware of your age or your prior EEO activity at the time of the interviews. Mr. Townsley further stated that he does not recall your EEO activities being a topic of discussion among the interview committee members. Mr. Townsley specifically denied that your race, color, age, or prior EEO activity were factors in your nonselection. He unequivocally denied that anyone advised, instructed or suggested that you should not be selected for the position.

Mr. Townsley stated, during Ms. Cisko's interview, she demonstrated Workplace Improvement Analyst competencies through her understanding of organizational development and its application to workplace environment issues. He stated the decision to recommend Ms. Cisko as the best-qualified candidate was unanimous among the review committee members. Your responses to the interview questions, however, demonstrated a vague understanding of organizational development and its application to workplace environment issues.

Final Agency Decision
John A. Haley
4H-350-0062-05
Page 8

The Postal Service has articulated legitimate, nondiscriminatory reasons for not selecting you for the position of Workplace Improvement Analyst. To prevail in your claims of discrimination, you must now come forth with evidence to prove that those reasons were unbelievable and a mere pretext for intentional discrimination. You have failed to produce such evidence. Nothing in the record, except for your bare allegations suggests that your qualifications were better than Ms. Cisko's qualifications.

Even if you could show that your qualifications were equal to those of Ms. Cisko, you have not proven intentional discrimination. An Agency has the discretion to determine how best to manage its operations and may make decisions on any basis except a basis that is unlawful under discrimination statutes. *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978); *Nix v. ULCY Radio/Rayhall Communications*, 738 F.2d 1181 (11th Cir. 1984); *Funkhouser v. Ann M. Veneman, Secretary, Department of Agriculture*, EEOC No. 01994453 (October 4, 2001). An employer is entitled to make is own business judgments, and it has the discretion to choose among equally qualified candidates. *Canham v. Oberlin College*, 666 F.2d 1057, 1061 (6th Cir. 1981). Ms. White was presented with lists of qualified applicants and she selected the individual she believed best met the requirements of the position.

Moreover, you have not proven that your age was a determining factor in management's selection decisions. Ms. White, Ms. James and Mr. Townsley all testified that they were unaware of your age at the time of the interviews and selection. Significantly, Ms. White (age 57) and Ms. James (age 62) are older than you, and Mr. Townsley (age 51) is only five years younger than you. Moreover, Ms. Cisko, the selectee for the position, is a mere two years younger than you. Therefore, I find you have not proven pretext.

Conclusion

After carefully considering the entire record, and applying the legal standards outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir. 1973) (applying the standard to cases brought under the ADEA); and *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F.Supp. 318 (D.Mass), aff'd 545 F.2d 222 (1st Cir. 1976) (applying the standard to reprisal cases); I find that you have failed to prove that you were subjected to discrimination as alleged. Consequently, your case is now closed with a finding of no discrimination.

Appeal to the EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), P.O. Box 19848, Washington, DC 20036-9848, within 30 calendar days of your receipt of this decision. You must use Form 3573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the Manager, EEO

Final Agency Decision
John A. Haley
4H-350-0062-05
Page 9

Compliance & Appeals, USPS, Southeast Area Office, 225 North Humphreys Blvd., Memphis, TN 38166-0978. You are advised that if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

<u>Right To File Civil Action</u>

Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be captioned **John A. Haley v. John E. Potter, Postmaster General**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

Dino DeSorbo
Manager, EEO Compliance & Appeals
225 N. Humphreys Blvd.
Memphis, TN 36166-0978

Enclosures:   Appeal Form 3573

Final Agency Decision
John A. Haley
4H-350-0062-05
Page 10

## CERTIFICATE OF SERVICE

For timeliness purposes, it will be presumed that this Notice of Final Agency
Decision was received within five (5) calendar days after it was mailed. I certify
that on this date, this Notice of Final Decision was mailed via Regular First Class
Mail to the following parties:

John A. Haley
5302 Connie Circle
Montgomery, AL 36108-5404

Manager, Human Resources
U. S. Postal Service
Alabama District

Manager, EEO Compliance & Appeals                    February 21, 2006
                                                     Date