IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN A. HALEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV470-MHT |
| | ) | [WO] |
| | ) | |
| JOHN E. POTTER and ELIZABETH WHITE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On 24 May 2006, the plaintiff, JOHN A. HALEY ["Haley"], filed a complaint alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. He named as defendants John E. Potter and Elizabeth White, two persons whose principal offices are in Washington, DC and Birmingham. Significantly, he alleged that the illegal activity took place at a United States Postal Service facility, located at "351 24th Street, N., Birmingham, AL 35203".

Based upon the court's review of the complaint in this case and the representations of counsel both in their briefs and oral argument, the Magistrate judge finds that this case should be transferred to the United States District in the Northern District Alabama pursuant to 28 U.S.C. § 1404(a).

## I. DISCUSSION

This court may, "[f]or the convenience of parties and witnesses, in the interest of justice," transfer this case "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2000).

When deciding whether transfer is appropriate, the court must consider

> the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and . . . trial efficiency. *See* **Folkes v. Haley**, 64 F. Supp. 2d 1152 (M.D. Ala. 1999); **Tampa Bay Storm, Inc. v. Arena Football League, Inc.**, 932 F. Supp. 281, 282 (M.D. Fla. 1996).

**Holmes v. Freightliner, LLC**, 237 F. Supp. 2d 690, 692 (M.D. Ala. 2002).

Section 1404(a) "allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interests of justice. '28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court.'" **Holmes v. Freightliner, LLC**, 237 F.Supp.2d 690, 692 (M.D.Ala. 2002), quoting **Hutchens v. Bill Heard Chevrolet Co.**, 928 F.Supp. 1089, 1090 (M.D.Ala.1996).[1]

The Court of Appeals has explained that "the plaintiff's choice of forum should not

---

[1] A district court must first determine whether the action could have been brought in the proposed transferee district court. **Johnston v. Foster-Wheeler Constructors, Inc**. 158 F.R.D. 496, 504 (M.D.Ala. 1994); See also **Jenkins Brick Co. v. Bremer**, 321 F.3d 1366, 1371 (11th Cir. 2003) (under 28 U.S.C. § 1391(a)(2) venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

be disturbed unless it is clearly outweighed by other considerations." ***Robinson v. Giarmarco & Bill, P.C.***, 74 F.3d 253, 260 (11th Cir. 1996); citing 28 U.S.C. § 1404;citing also ***Howell v. Tanner***, 650 F.2d 610, 616 (5th Cir. Unit B 1981), ***cert. denied***, 456 U.S. 918 (1982).  The facts that the events which triggered this lawsuit occurred in Birmingham and the defendants live and work outside this district weigh in favor of transfer.

The specific venue provision in Title VII cases prohibits the plaintiff's maintenance of his lawsuit in this district as well.  The relevant provision permits the filing of a Title VII action in

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

In the instant case, although Haley could have brought his Title VII action in "any judicial district in the State in which the unlawful employment practice" occurred, including this district, the court may still transfer his case because the "respondent[s are] not found within" this district.  The respondents, or defendants, are in Birmingham, Alabama and Washington, DC.  In that case, according to the statute, the action "may be brought within the judicial district in which the respondent has his principal office".  42 U.S.C. § 2000e-5(f).

The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions.  ***Stebbins v. State Farm Mut.***

3

*Auto. Ins. Co.*, 134 U.S. App. D.C. 193, 413 F.2d 1100, 1102-03 (D.C. Cir. 1969) (per curiam); *Pinson v. Rumsfeld*, 2006 U.S. App. LEXIS 12296, 13-15 (11th Cir. 2006).

## II.   CONCLUSION

This lawsuit arises from activity which occurred in the Northern District of Alabama, and possibly the District of Columbia. The records are located in one or both of those places, and it is likely that most of the witnesses are located there as well.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be transferred to the Northern District of Alabama. The Clerk of the court is DIRECTED to take the necessary steps to effectuate the transfer.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **17 June 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See* ***Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982). *See also* ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 5th day of June, 2006.

                    /s/ Vanzetta Penn McPherson
                    VANZETTA PENN MCPHERSON
                    UNITED STATES MAGISTRATE JUDGE